IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILYICH MARIUPOL IRON AND STEEL WORKS, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. No. 12-00832-LPS |
| ARGUS DEVELOPMENTS INC., | : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion to Confirm Arbitration Award and Entry of Judgment (D.I. 2) and Motion for Default Judgment (D.I. 11). For the reasons set forth below, the Court will grant both motions.

### I. BACKGROUND

This is an action to confirm a foreign arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 207, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Art. IV, Jun. 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38. (*See* D.I. 11 at 1)

Plaintiff Ilyrich Mariupol Iron and Steel Works ("Plaintiff" or "Ilyich") is a Ukranian corporation with its principal place of business in Mariupol, Ukraine. (*See* D.I. 3 at 1) Defendant Argus Developments Inc. ("Defendant" or "Argus") is a Delaware corporation with its principal place of business in Mariupol, Ukraine. (*See id.*) On December 2, 2009, Ilyrich and Argus entered into a contract for the sale of steel to Ilyrich. (*See id.*; D.I. 4 at 4-19) Ilyrich

1

alleged breach of contract by Argus, and on January 4, 2011, Ilyich filed a demand for arbitration before the International Court of Arbitration (the "ICAC") at the Ukranian Chamber of Commerce and Industry in Kiev, Ukraine. (*See* D.I. 3 at 1-2) On June 30, 2011, Ilyrich was awarded $5,234,059.90 (the "Award")[1] by the ICAC. (*See id.*; D.I. 4-1 at 17-22)

On June 29, 2012, Ilyrich filed a Motion and Petition to Confirm Arbitration Award, along with an opening brief and declaration. (*See* D.I. 1, 2, 3, 4) On July 25, 2012, Ilyich effectuated service on Defendant Argus, but Argus failed to answer the petition or to enter an appearance. (*See* D.I. 9 at 1; D.I. 9-1 at 2) On August 15, 2012, Ilyrich requested the entry of default against Argus pursuant to Federal Rule of Civil Procedure 55(a), and default was entered on September 11, 2012. (*See* D.I. 8, 10)

On September 18, 2012, Ilyrich filed its motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), requesting that the Court enter a default judgment against Argus confirming the Award plus $379,455.50 in interest, for a total of $5,613,505.40 (the "Award plus Interest").[2] (*See* D.I. 11 at 2; D.I. 12 at 1-2; D.I. 12-1)

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may conduct an inquest into the amount of damages to be awarded following the entry of a default judgment. A party who defaults by failing to plead or defend does not admit the allegations in the claim as to the

---

[1]The final award totaled $5,234,059.90, which includes breach of contract damages and arbitration costs. (*See* D.I. 3 at 2)

[2]Plaintiff requests that $379,455.50 be added to the Award for post-award, pre-judgment interest payments on the Award accruing as of the date of the Award, compounded daily through the date of filing the Motion (September 18, 2012). (*See* D.I. 11 at 2; D.I. 12 at 1-2; D.I. 12-1)

amount of damages. *See Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Thus, the Court must ensure that there is basis for damages awarded. *See id.*; *see also Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (holding that court has obligation to ensure there is legitimate basis for any damages award); *Sierra Foods, Inc. v. Haddon House Food Prods., Inc.*, 1992 WL 245847, at *16 (E.D. Pa. Sept. 22, 1992) (observing that "inquest" into damages is necessary to be certain that "damages bear a reasonable relationship to the injuries alleged and established by the facts").

### III. DISCUSSION

Having reviewed the arbitration and litigation history of this action, the Court will grant Plaintiff's motions to confirm the Award plus Interest and enter default judgment against Defendant. Ilyrich sought arbitration pursuant to section 13 of its sales contract with Argus. (*See* D.I. 4 at 14-15) Despite being properly informed about the proceeding, Argus did not participate in arbitration, and the arbitrator rendered the Award for Ilyrich. (*See* D.I. 1 at 2-3) As Argus is a Delaware corporation, Ilyrich requested that this Court confirm the Award. Despite being properly informed and served, Argus has failed to participate in this action. (*See* D.I. 7; D.I. 9-1; D.I. 11 at 1-2) The Clerk of the Court, thus, appropriately entered a default against Argus on September 11, 2012. Pursuant to Rule 55(b)(2), entry of a default judgment in the amount of the Award plus Interest is now warranted.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Confirm Arbitration Award (D.I. 2) and Motion for Default Judgment (D.I. 11) are GRANTED. The Final Award of the Tribunal on Plaintiff's behalf against Defendant is HEREBY CONFIRMED.

The Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $5,613,505.40.

March 26, 2013

UNITED STATES DISTRICT JUDGE